Raymond Mainor
Reg # 59883-066
LSCI Allenwood
P O Box 1000
White Deer, PA 17887

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RAYMOND MAINOR,                          )
                                         )
                Plaintiff,               )        1:18-cv-2274
                                         )
        v.                               )
                                         )
UNITED STATES OF AMERICA;                )
L. GETZ in her official capacity         )
  as Case manager;                       )
DOUGLAS K. WHITE, in his official        )
  capacity as Warden - LSCI Allenwood;   )
J. RAY NORWOOD, in his/her capacity      )        JURY DEMAND
as Regional Director - NERO,             )
                Defendant(s).            )

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF AND OR
WRIT OF HABEAS CORPUS

RAYMOND MAINOR ("Mainor"), Plaintiff, seeks damages, declaratory
and injunctive relief or alternatively a Writ of Habeas Corpus against
Defendants United States of America, L. Getz in her official capacity as
Case Manager, Douglas K. White, in his official capacity as Warden - LSCI
Allenwood, and J. RAY NORWOOD, in his/her official capacity as Regional
Director NERO for the negligent and tortious acts complained of herein.

NATURE OF ACTION

1.  This is an action brought under the Administrative Procedures Act
("APA"), 5 U.S.C. § 701, et seq., the First and Fifth Amendment to the U.S.
Constitution, the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq.,

1

Declaratory Judgment Act, 22 U.S.C. § 2201 for declaratory and injunctive relief and or Rule 65 of the Federal Rules of Civil Procedure to remedy Defendant's pattern and practice of ultra vires conduct in excess of statutory and regulatory authority and deprivation of Plaintiff's procedural and substantive due process rights.

2.   Plaintiff has complied with all presuit requirements of 28 U.S.C. § 2671, et seq., and the Administrative Remedy Process, 28 C.F.R. 542, et seq.

3.   In an effort to collect payments for restitution, fines and special assessment through the Inmate Financial Responsibility Plan ("IFRP"), the Defendants have engaged and continues to engage in a pattern and practice of threatening, intimidating and harrasing inmates to participate in this voluntary program and forcing them into agreements above and beyond the payment schedules set by the Court in violation of the law.  This pattern and practice by the Defendants is in excess of BOP authority, is otherwise contrary to law, federal regulations, violates Plaintiff's First and Fifth Amendment and improper delegation of the sentencing court's authority.

4.   To redress irreparable harm to Plaintiff and others similarly situated, Plaintiff seeks immediate declaratory and injunctive relief and damages to ensure future compliance with the law and federal regulations and the court's order governing setting schedules for restitution, fines or other monetary penalties.

<center>PARTIES</center>

5.   Plaintiff, Raymond Mainor ("Mainor") is a federal prisoner currently confined at LSCI Allenwood.  According to the Defendants' Mainor is being held in custody pursuant to a judgment issued by the United States District Court for the Eastern District of Pennsylvania issued on May 21, 2008 which was never entered into the court files.  See Exh. ' A '; Remedy ID: _____.

6.   Defendant United States of America is an appropriate party with certain exceptions for injuries caused by the negligent or wrongful acts or omissions of any federal employee acting within the scope of his or her

<center>2</center>

employment, in accordance with the law of the State where the act or omission occurred.

7. The United States is an appropriate party for injuries caused by prison officials arising out of negligence, negligent supervision, and negligent training..

8. Defendant L. Getz ("Getz") is Plaintiff's assigned Case Manager at LSCI Allenwood and is sued in her official capacity as an employee of the Federal Bureau of Prisons ("FBOP"), officer, a component of the United States Department of Justice ("DOJ"), an agency of the United States of America ("United States"). At all relevant times Getz was a federal employee acting within the scope of her employment. As Case Manager, Getz is required to work with inmates to establish a financial plan for payment of obligations, not dictate, threaten, intimidate, harrass or retaliate against prisoners.

9. Defendant Douglas K. White ("White") is the Warden of LSCI Allenwood. At all relevant times White was a federal employee acting within the scope of his employment. As Warden, White is responsible for the day to day operation of LSCI Allenwood, including investigating staff misconduct, abuse of authority and disciplining staff misconduct. White is also responsible for the supervision, training and hiring of staff members such as Getz.

10. Defendant J. Ray Ormond ("Ormond") is the Regional Director for the Northeast Region. At all relevant times Ormond was a federal employee acting within the scope of his employement. As Regional Director, Ormond is responsible for the oversight of Getz, White and LSCI Allenwood and the institutions in the Northeast Region. Ormond is also responsible for investigating complaints of staff misconduct, abuse of authority and taking disciplinary action against staff misconduct.

11. The Defendants have a duty to promptly investigate reports of abuse of authority and staff misconduct. See BOP PS 3420.11 [Attachment A].

12. The Defendants have a duty to ensure that they comply with all federal statutes, regulations and BOP policy as well as orders from the Court.

3

13.  The Defendants owe a duty and obligation of care to the Plaintiff pursuant to 18 U.S.C. § 4041, 4042.

## JURISDICTION AND VENUE

14.  The Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1346 because the action arises under the U.S. Constituion, the Administrative Procedures Act, 5 U.S.C. § 701, et seq., the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., or alternatively a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

15.  Venue appropriately lie in this Court pursuant to 28 U.S.C. § 1391(e) and § 1391(h), becase the Middle District of Pennsylvania is a judicial district in which at least three of the defendants resides, and because a substantive part of the acts or omissions giving rise to the claims occurred in the Middle District of Pennsylvania.

16.  The United States, including its department and agencies are not immune to suit from actions arising under the United States Constitution, APA or FTCA.

17.  This is not an action for review of an administrative order or to affirm, amend, modify or set aside any part of an order.  Instead, this action constitutes a broad challenge to the unconstitutional, unlawful and ultra vires practices and procedures employed by the Defendants in forcing, threating, intimidating inmates into make payment amounts they are not in agreement with.

## STATEMENT OF FACTS

18.  Pursuant to 18 U.S.C. § 3572(d) Time, method of payment, and related items . .

> (1) A person sentenced to pay a fine or other monetary penalty, shall make such payment immediately, unless, in the interests of justice, the court provides for payment on a date certain or installments.  If the court provides for payment in installments, the installments shall be in equal monthly payments over the period provided by the court, unless the court establishes another schedule.

4

(3) A judgment for a fine which permits payments in installments, shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine.  Upon receipt of such notice the court may ... adjust the payment schedule, or require immediate payment in full ...

19.  Pursuant to 28 U.S.C. § 3611 - Payment of a fine or restitution --

"[a] person who is sentenced to pay a fine, assessment, or restitution, shall pay the fine, assessment, or restitution (including interest or penalty) as specified by the Director of Administrative Office of the U.S. Courts.  Such Director may specify that such payments are made to the Clerk of the Court or in the manner provided for under 28 U.S.C. § 604(a)(18).

20.   The FBOP IFRP applies to nearly all post trial inmates in federal facilities.  28 C.F.R. 545.10.  It is intended to "encourage each sentenced inmate to meet his or her legitimate financial obligation." Id.  Under the IFRP, "unit staff" "assist the inmate in developing a financial plan to meet those obligations." Id.  The IFRP typically requires a minimum payment of $25.00 per quarter for non-Unicor and Unicor grade 5 inmates. 28 CFR 545.11 (b)(1).  Payments may be made from institution or non-institution (community resources). Id.

21.   An inmate is free to decline to participate in IFRP, but the failure to either participate or to comply with a financial plan established by the inmate comes with certain consequences. 28 CFR 545.11(d).  No part of the federal regulations allow the Defendants to intimidate, threaten, harrass or stop a payment agreement as part of the program or not comply with a court's sentencing order.

22.  At initial classification, the Unit Team shall review an inmate's financial obligations. 28 CFR 545.11(a).

23.  BOP Policy Statement 5380.08(1) states the BOP encourages each sentenced inmate to meet his or her legitimate  financial obligations. Section 8(a)(3) Fines and Court costs] states "the Court may establish a payment schedule or a deferred payment date to satisfy a restitution or

5

fine. When the dates of the court-ordered payment schedule follow the period of incarceration, the financial obligation should address any other financial obligations.

24. Only the sentencing Court has the statutory to modify or set a payment schedule for restitution, fine or other monetary penalty and the Courts have not and is not allowed to delegate its responsibility to the FBOP.

<center>RAYMOND MAINOR</center>

25. Raymond Mainor was convicted on October 24, 2007 on various drug charges in the Eastern District of Pennsylvania, Case No. 06-140-1, United States v. Mainor (2008). See Exh. 'A'. Mainor was sentenced on April 24, 2008 and according to the judgment (Exh 'A') was signed on May 21, 2008. The Defendants are using this judgment to collect $60,000 in fines, however this judgment was never recorded or docketed, thus it is void ab initio. See Exh. 'B' which confirms the Defendants are using this judgment to hold Plaintiff in custody and forms the basis for collecting $60,000 in fines.

26. At Plaintiff's initial classification, Plaintiff voluntarily agreed based on the Defendant's representations to pay a quarterly amount of $25 towards the $60,000 fine. As demonstrated by Exhibit 'C', plaintiff was making his payments without an issue. Plaintiff signed an agreement with the Defendant's to make a quarterly payment of $25. Plaintiff has requested a copy of the agreement for the $25 and the Defendant's have refused to provide it to append to this complaint.

27. On or about August, 2018 Getz without authority and permission cancelled Plaintiff's quarterly payments of $25 and arbitrary and capricious placed Plainitiff in FRP refusal status which deprived him of being able to purchase religious items to freely practice his religion among other privileges.

28. In or around August, 2018 Plaintiff submitted an informal resolution form to the Defendant's to correct and take disciplinary action for the

<center>6</center>

misconduct committed by Getz.  Instead of acknowleging and investigation the matter, the Defendants along with Unit Manager Beaver sought to cover-up the misconduct and abuse of authority for stopping the payments by claiming that the Plaintiff refused.  When Plaintiff requested a copy of the documentation demonstrating the refusal, the Defendants refused to provide it.  Getz further made false statements that she created a new IFRP contract for $75.00, yet when a copy of the contract was requested, it could not be produced, nor could a copy of the court order adjustment Plaintiff's payment schedule be produced.

29.  The Plaintiff requested a copy of the SENTRY computer log be investigated to demonstrate the false statements and provide evidence of the misconduct.  The Defendant neither conducted an investigation or rebutted the factual allegations contained in the Administrative Remedy.  See Exh. "D". - Remedy ID 949825-F1.

30.  The plaintiff has filed the SF-95 with the Regional Office, J. Ray Ormond, who forwarded it back to the institution for them to begin the cover-up to avoid liability.  This is the Defendant's normal practice and pattern of obstruction.

31.  Plaintiff is not the only victim of the Defendant's misconduct.  For example, Inmate Peralta, another inmate that belongs to Getz, was put on FRP refuse because he had to use the funds to pay to feed his kids and missed a single $25.00 payment that could have been paid the following month, instead Getz forced him to pay the full balance due or be on refusal status even if the payment is made up.

32.  Since Getz cancelled Plaintiff's quarterly payments, Plaintiff took steps to pay the court directly $150.00 for the next quarters to ensure compliance.  Plaintiff presented the receipts to Getz, and requested she post the payments for the next few quarters until this matter can be resolved.  See Exh. 'E'.  Instead Getz, posted the payments as a single bulk payment and refused to take Plaintiff off FRP refuse to show she has power and would not be held accountable for misconduct.

33.  The Defendants by their acts and omissions deprived Plaintiff of being able to purchase those items needed to exercise his First Amendment rights to freely practice his religion.  Plaintiff has a sincere belief in his religion and the Defendant's actions have irreparably harm that belief.

34.  As a result of the Defendants conduct, Plaintiff suffered has and continues to suffer irreparable harm.

35.  The Defendants have a practice and pattern of rewarding staff misconduct such as this, including promoting unqualified individuals into positions they are not equipped to handle, in some cases based on nepotism, which allows retaliation against inmates for complaints of misconduct filed.

36.  The Defendants have a practice and pattern of encouraging institution staff to lie, falsify documents and take adverse actions against inmates without justification and in retaliation.

37.  Defendant White and Ormond have failed in all respects at their mandated responsibility to ensure the duty of care is properly adhered to.

38.  Defendant White and Ormond have failed to properly trained, supervised and discipline those under their charge which allows those individuals to abuse their authority and engage in misconduct which goes on for years.

39.  Defendant White and Ormond have a patterning of rewarding staff misconduct by failing to investigate and covering it up.

40.  The actions of the Defendants was an abuse of authority, otherwise contrary to law and violates federal statutory laws and regulations.

41.  The restriction placed by the defendants unlawfully deprived Plaintiff of rights under the First and Fourteenth Amendment because it denies Plaintiff access to purchase items to conduct and to express his belief.

42.  Under the Fourteenth Amendment because it deprived Plaintiff from conducting a religious ceremony according to his belief, deprives him of Equal protection.

43. Under the Equal Protection Clause of the Fourteenth Amendment, because the restriction denies plaintiff equal access to purchase items for his religious practices, deprives him of the equal protection of the laws.

## COUNT I:  VIOLATION OF FIFTH AMENDMENT

44. Plaintiff realleges and incorporates by reference allegations contained in Paragraphs 1 through 43 as if fully set forth here.

45. The Due Process Clause of the Fifth Amendment to the U.S. Constitution prohibits the federal government from depriving any person of life, liberty or property, without due process of law.

46. Plaintiff has a constitutionally protected interest in, interalia, to freely practice his religion.

47. The Due Process clause of the Fifth Amendment prohibits the federal government from depriving any person substantive due process, including equal protection of the laws.

48. As described above, the actions of the Defendant's violate the Plaintiff's constitutionally protected rights by not assuring due process of law is provided in the situation described in this Complaint.

## COUNT II - VIOLATION OF FIRST AMENDMENT

49. Plaintiff realleges and incorporates by reference allegations contained in Paragraphs 1 through 48 as if fully set forth here.

50. Defendant's actions, by denying Plaintiff the ability to purchase the items needed to express his religious convictions, prevented and prevents Plaintiff from conducting a religious ceremony.

51. Defendant action violates the Plaintiff right of free exercise of religion under the First and Fourteenth Amendment.

## COUNT III - VIOLATION OF APA, 5 U.S.C. § 701 et seq

52. Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 51 by reference as if fully set forth here.

53. The APA provides that "]a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved byy an agency action within the meaning of a relevant statute [or regulation] is entitled to judicial review thereof." 5 U.S.C. § 702.

54. The APA further empowers the Court to "hold unlawful and set aside agency action, findings and conclusions found to be ... arbitrary, capricious, or abuse of discretion, or otherwise not in accordance with law; contrary to unsitutated right, power, privilege or impunity; or in ecess of statutory jurisdiction, authority, or limitation, or ... statutory right." 5 USC 706 (2).

55. The pattern and practice of conduct of the Defendants as described above constitutes unlawful actions that has caused Plaintiff to suffer lega wrong reviewable by this Court under the APA, 5 U.S.C. 706.

## COUNT IV - NEGLIGENCE (TORT)

56. Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 55 by reference as if fully set forth here.

57. The United States is responsible for the acts or omissions of their agents, officers and employees under the doctrine of respondeat superior.

58. The actions of employee L. Getz, White and Ormond constitute negligence in violation of Pennsylvania law. The employees had a duty of care to the plaintiff to assist him in developing a financial plan which was in place and working. The employees Defendants breached that duty by stopping his payments in August, 2018, placing him on FRP refuse, and then attempting to coerce, intimidate, and threatening him into a contract that did not exist and making material misrepresentations to cover it up.

10

The breach of duty constitutes negligence in violation of Pennsylvania
common law and was the direct and proximate cause of the Plaintiff's pain
and suffering and injury.  Under the FTCA, the defendant United States of
of America is liable to the plaintiff for the unlawful actions of Getz,
White and Ormond, as they were acting within the scope of their employment
as employees of the United States.

### COUNT V - NEGLIGENT SUPERVISION

59.  Plaintiff realleges and incorporates by reference the allegations
in Paragraphs 1 through 58 as if fully set forth here. .

60.  White and Ormond had a duty to supervise and control the conduct of
Getz and failed to take appropriate steps to esnure her acts were in accord-
ance with the laws and federal regulations, such as she had no authority to
cancel Plaintiff's quarterly payments or that the sentencing court did not
delegate to the BOP it's authority to set payment schedules, or to threaten,
intimidate or force inmates into signing contracts they are not entering
into voluntarily.  White and Ormond knew or should have know of Getz's
ongoing negligent and abusive conduct and failed to do anything.  White
and Ormond in failing to take appropriate measures to detect, prevent or
control this type of conduct amounts to negligent supervision.  White and
Ormond was and is negligent in its control, supervision and / or oversight
of Getz and many others.

61.  The actions of employee White and Ormond constitute negligent
supervision in violation of Pennsylvania common law.  White and Ormond
had a duty an obligation to properly supervise Getz.  The breach that
duty when they allowed her actions to cause injury to the Plaintiff.  Their
breach of their duty constitute negligent supervision in violation of
Pennsylvania common law and was the direct and proximate cause of pain and
suffering .  Under the FTCA, the defendant United States of America is
licable for the unlawful actions of White and Ormond as they were acting
within the scope of their employment as employees of the United States.

62.  Plaintiff seeks punative, compensatory damages which was the
proximate cause of Plaintiff's injuries.

11

## COUNT VI - NEGLIGENT HIRING AND RETENTION

63.  Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 62 as if fully set forth here.

64.  Defendant White and Ormond owe a duty of care to thire and properly train the employees that work under them .

65.  Defendant White and Ormond have failed to effectively hire employees at the institution.  White and Ormond knew that they have put employees into positions without proper screening, testing of their knowledge which has caused countless injuries to inmates.  White and Ormond's decision are predicated on nepotism and rewarding employees who actively engaged in misconduct and abusing their authority.  For example, Getz was a corrections officer with no background in social work which is required for a case manager.  It requires knowledge of the law and BOP practices, yet Getz lacks the knowledge and was given this position.  White and Ormond breached the duty when they allowed Getz to be a case manager and regularly abuses her position and authority and it is allowed to continue without intervention.

66.  The actions of employee White and Ormond constitute negligent hiring and retention in violation of Pennsylvania common law.  These employees had a duty to the plaintiff to hire and retain qualified and well trained employees, they breached that duty when the hired Getz and many others who regularly engage in misconduct without worry of consequences.  This breach of their duty constitutes negligent hiring and training in violation of Pennsylvania common law and was the direct and proximate cause of the plaintiff's pain, suffering and injury.  Under the FTCA, the defendant United States is liable for the unlawful actions of Ormond and White as they were acting within the scope of their employment as employees of the United States.

## COUNT VII - DECLARATORY AND INJUNCTIVE RELIEF

67.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraph 1 through 66 as if ully set forth here.

68.  The Declaratory Judgment Act, 28 U.S.C. § 2201, grants this Court authority to declare the Plaintiff's legal right when an actual controversy

exists.

69.  Plaintiff and defendants have adverse legal interests that are of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment in accordance with 28 U.S.C. § 2201.

70.  For the reasons stated above, Plaintiff is entitled to a declaration of his rights.

71.  A failure to enjoin the Defendant's unconstitutional and unlawful conduct has and will continue to cause Plaintiff to suffer injury in that it will result in the deprivation of his First Amendment right and protections against agency action that is arbitrary, capricious, in bad faith, or contrary to law.

72.  No adequate remedy at law exists.

73.  Defendant's unconstitutional and unlawful conduct will also adversely affect the interests of numerous prisoners without advancing public interests.

74.  Plaintiff is entitled to injunctive relief enjoining Defendants from continuing their unconstitutional and unlawful pattern and practice of conduct as alleged in this complaint.

75.  Defendants have no protectable interest in the continuation of their unconstitutional and unlawful conduct.

## DECLARATORY RELIEF

76.  Pursuant to Section 2201(a) of Title 21, a judgment declaring:

1.  That the IFRP is voluntary and no staff member may force an inmate or threaten or intimidate them into a new contract for payment of fines or restitution or other criminal monetary penalties;

2.  That when an inmate wants to keep his IFRP payments the same, he be permitted to do so and it is not deemed as refusal;

3.  The BOP has not been delegated the authority to set payment schedules

by the sentencing courts.

4. That the Defendant's have knowingly and intentionally made false
statements in the Administrative Remedy process to deprive him
of due process and a denial to freely exercise his First Amendment
rights to cover-up the misconduct of employee L. Getz;

5. That the BOP may not cancel an inmate's existing voluntary payments
through the IFRP without their expressed consent;

6. that L. Getz arbitrarly and capricious cancelled Plaintiff's existing
IFRP payments of $25.00 without his consent as retaliation and
abuse of authority;

7. That the BOP is without authority to set payment schedules for
IFRP.

## INJUNCTIVE RELIEF

77. Pursuant to Rule 65, Fed.R.Civ.P., the Plaintiff requests an injunction
directing the BOP to reinstate Plaintiff's $25.00 quarterly payment and restore
him to his previous position prior to L. Getz putting him on FRP refuse as
retaliation and arbitrary and capriciousness.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. A ppoint counsel to represent the Plaintiff;
b. alternatively, allow the action to proceed as a habeas;
c. Issue a judgment declaring the Defendant's actions as applied to
Plaintiff and other similarly situated prisoners are unlawful and
exceed defendant's constitutional and statutory authority in violation
of 5 U.S.C. § 706(2)(A)-(D);

d. Issue a judgment declaring the Defendant's unwritten policy, practics,
acts, and omissions described herein are unlawful and violate Plaintiff

14

rights under the First, Fifth and Fourteenth Amendments under the Constitution;

d.  issue a judgment declaring the Defendant's acts and omissions violate 18 U.S.C. § 3572(d);

e.  issue a judgment declaring the judgment that the Defendant's are holding Plaintiff in custody from May 21, 2008 is void ab initio and cannot be used to collect anything from the Plaintiff;

f.  Award compensatory, punative damages of $1,000,000 against the Defendant United States of America for the unlawful and unconstitutional conduct and torts complained of here as the other individual defendants will not be held accountable for the conduct otherwise due to the practice and pattern by them to cover-up and not punish misconduct;

g.  issue a permanent injunction against the Defendants to refrain from the unlawful and unconstitutional conduct alleged herein;

h.  any other relief the Court deems just and equitable.

Dated:  November 22, 2018

Raymond Mainor
Reg # 59883-066
LSCI Allenwood
P O Box 1000
White Deer, PA 17887

15

Raymond MAinor 59883066
Federal Correction Complex Allenwood Low
P.O. Box 1000
White Deer Pa 17887

**RECEIVED**
**SCRANTON**

NOV 2 7 2018

PER_____
DEPUTY CLERK

⇔59883-066⇔
Clerk Of Co
235 N Wash
Scranton, P.
United State

EXHIBIT A

%AO 245B    (Rev. 06/05) Judgment in a Criminal Case
            Sheet 1

RECT - PROB
2008 MAY 23   PM 3: 19

# UNITED STATES DISTRICT COURT

Eastern  District of  Pennsylvania  USDC - PHILA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| --- | --- |
| V. | |
| RAYMOND MAINOR | Case Number: 06-140-1 |
| | USM Number: 59883-066 |
| | Stephen Leehron, Esq. |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

X was found guilty on count(s)  1a, 2a, 3a, 4a, 5a, 6a, 7a, 8a, 9a and 10a.
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 21:841(A)(1)(A)(VIII); 18:2 | Possession with Intent to Distribute 5 Kilos or More of Cocaine; Aiding and Abetting | 3/8/2006 | 1a |
| 21:860(); 18:2 | Possession with Intent to Distribute 5 Kilograms or More of Cocaine within 1000 Feet of a School; Aiding and Abetting | 3/8/2006 | 2a |
| 21:841(A)(1)(A)(B) | Possession with Intent to Distribute 500 Grams or More of Cocaine; Aiding and Abetting. | 3/8/2006 | 3a |

The defendant is sentenced as provided in pages 2 through  7  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)  ☐ is  ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 24, 2008
Date of Imposition of Judgment

_signature_
Signature of Judge

Lawrence F. Stengel, U.S. District Judge
Name and Title of Judge

May 21, 2008
Date

A TRUE COPY CERTIFIED TO FROM THE RECORD
DATED: MAY 22, 2008
_signature_
CLERK
EASTERN DISTRICT OF PENNSYLVANIA

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 1A

DEFENDANT:    RAYMOND MANOR
CASE NUMBER:    06-140-1

Judgment — Page    2    of    7

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:860(a) | Possession with Intent to Distribute 500 Grams or More of Cocaine within 1000 Feet of a School. | 3/8/2006 | 4s |
| 21:841(a)(1),(b)(1),(C) | Possession with Intent to Distribute 5 Grams or More of Cocaine. | 3/8/2006 | 5s |
| 21:860(a) | Possession with Intent to Distribute 5 Grams or More of Cocaine within 1000 Feet of a School, Aiding and Abetting. | 3/8/2006 | 6s |
| 18:924(c)(1) | Possession of a Firearm in Furtherance of a Drug Trafficking Crime. | 3/8/2006 | 7s |
| 18:922(g)(1) | Possession of a Firearm by a Convicted Felon. | 3/8/2006 | 8s |
| 21:841(a)(1),(b)(1)(C) | Distribution of Cocaine. | 3/4/2006 | 9s |
| 21:860(a) | Distribution of Cocaine within 1000 Feet of a School. | 3/4/2006 | 10s |

---

AO 245B    (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

DEFENDANT:    RAYMOND MANOR
CASE NUMBER:    06-140-1

Judgment — Page    3    of    7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

240 months, as to counts 1s, 2s, 3s, 4s, 5s, 6s, 9s and 10s, to run concurrently; and 120 months, as to count 8s also to run concurrently and 60 months, as to count 7s, to run consecutively, all for a total term of 300 months.

X    The court makes the following recommendations to the Bureau of Prisons:
The Court recommends that the defendant be placed in an institution within 100 miles of or as close as possible, to Atlanta, GA.

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

☐    at                              ☐ a.m.    ☐ p.m.    on                        .

☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐    before 2 p.m. on                        .

☐    as notified by the United States Marshal.

☐    as notified by the Probation or Pretrial Services Office.

### RETURN

I have executed this judgment as follows:

Defendant delivered on                        to                        

at                        , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT: RAYMOND MAJNOR
CASE NUMBER: 06-140-1                                 Judgment—Page 4 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

20 years, as to counts 1s, 2s, 3s, 4s, 5s, 9s and 10 and 7 years, as to counts 7s and 8s, all to run concurrently for a total of 20 years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

---

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 3A — Supervised Release

DEFENDANT: RAYMOND MAJNOR
CASE NUMBER: 06-140-1                                 Judgment—Page 5 of 7

## ADDITIONAL SUPERVISED RELEASE TERMS

1) The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

2) The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any fine or restitution obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the fine or restitution obligation or otherwise has the express approval of the Court.

3) The defendant shall pay to the United States a fine of $60,000.00, consisting of a $10,000.00 fine, per count. The Court will waive the interest requirement in this case.

4) The fine is due immediately and shall be paid in full within 10 days of sentencing. In the event the fine is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installment and not less than $200.00, to commence 30 days after release from confinement.

5) The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing address or residence that occurs while any portion of the fine remains unpaid.

6) The defendant shall pay to the United States a total special assessment of $600.00, which shall be due immediately.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

DEFENDANT:   RAYMOND MAINOR
CASE NUMBER:   06-140-1

Judgment — Page    6    of    7

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $  600.00 | $  60,000.00 | $  0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |

| **TOTALS** | $             0 | $             0 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for the   ☒ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

---

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

DEFENDANT:   RAYMOND MAINOR
CASE NUMBER:   06-140-1

Judgment — Page    7    of    7

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

   ☐ not later than _____, or
   ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

The defendant shall pay to the United States a total fine of $60,000.00, due immediately. The fine shall be paid in full within 30 days of the sentencing. In the event that the fine is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of not less than $200.00, to commence 30 days after release from confinement. The defendant shall pay to the United States a total special assessment of $600.00, due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
Bryco Arms, 9mm semi-automatic firearm, serial number 1330001.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

MAINOR, Raymond
Register No.: 59883-066
Appeal Number: 933077-FI
Page 1

### Part B — Response

This is in response to your Request for Administrative Remedy received on March 8, 2018, wherein you claim you have been unlawfully being held in prison since July 7, 2008. You claim your judgement was never filed with the clerk of court nor was it signed by the judge. As relief, you request proof the judgement was signed by the judge and the docket number and date it was placed on file by the clerk of court.

Sentences imposed for offenses committed on or after November 1, 1987, follow 18 U.S.C. § 3585(a) and it states: "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."

A copy of your Judgment and Commitment Order is attached. Your 300 month sentence was imposed on April 24, 2008, and signed on May 21, 2008, by Judge Lawrence F. Stengel.

Therefore, based on the above information, your request is granted, in that a copy of your signed J&C is attached.

If you are not satisfied with this response, you may appeal to the Regional Director, Federal Bureau of Prisons, Northeast Regional Office, U.S. Customs House, 2nd and Chestnut Streets, 7th Floor, Philadelphia, Pennsylvania, 19106, within 20 calendar days of this response.

13 MCR 18
_____
Date

_____
D. K. White
Warden

PIDA

```
ALFG4              *        INMATE FINANCIAL RESPONSIBILITY          *        10-03-2018
PAGE 002 OF 002    *    DISPLAY INMT FINANCIAL OBLG ADJUSTMENTS      *        10:28:39

REGNO: 59883-066  OBLG NO:         NO. ADJ TO VIEW: 13        FUNC: DSS
NAME.: MAINOR, RAYMOND                   TYPE OBLG: FINE USDC
OBLG STATUS.: WAIT PLAN      OBLG BAL..: 59450.00        OBLG NO: 2
```

| DATE ADDED | FCL | ADJ TYPE | ADJ REASON | ADJ AMT | DEP NO. | DETAIL |
|------------|-----|----------|------------|---------|---------|--------|
| 10-03-2018 | ALF | PAYMENT | PRIOR PYMT | 25.00 | | N |
| 10-03-2018 | ALF | PAYMENT | PRIOR PYMT | 100.00 | | N |
| 10-03-2018 | ALF | PAYMENT | PRIOR PYMT | 25.00 | | N |
| 06-12-2018 | ALF | PAYMENT | INSIDE PMT | 25.00 | 8091 | N |
| 03-13-2018 | ALF | PAYMENT | INSIDE PMT | 25.00 | 8061 | N |
| 12-12-2017 | ALF | PAYMENT | INSIDE PMT | 25.00 | 8031 | N |
| 09-12-2017 | ALF | PAYMENT | INSIDE PMT | 25.00 | 7121 | N |
| 06-13-2017 | ALF | PAYMENT | INSIDE PMT | 25.00 | 7091 | N |
| 03-24-2017 | ALF | PAYMENT | INSIDE PMT | 25.00 | 7061 | N |
| 12-13-2016 | ALF | PAYMENT | INSIDE PMT | 25.00 | 7031 | N |
| 09-13-2016 | ALF | PAYMENT | INSIDE PMT | 25.00 | 6121 | N |
| 06-14-2016 | ALF | PAYMENT | INSIDE PMT | 25.00 | 6091 | N |
| 12-11-2015 | FOR | PAYMENT | INSIDE PMT | 25.00 | 6031 | N |
| 09-11-2015 | FOR | PAYMENT | INSIDE PMT | 25.00 | 5121 | N |
| 06-12-2015 | FOR | PAYMENT | INSIDE PMT | 25.00 | 5091 | N |

```
G0005     TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

EXHIBIT B

10/3/2018

U.S. **Department of Justice**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __MATHUR, RAYMOND__ __51483-066__ __IV-A__ __FCI ALLENWOOD__
   LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A – INMATE REQUEST** Record Mathur seeks formal review of case manager L. Getz violation of a court order/BP policy regarding payment of fines. As the court's have held "[o]nly a sentencing court may impose a specific schedule to be collected during imprisonment, and the BOP lack[s] authority to establish [its own schedule. Where the sentencing] court did not set a schedule for payments during petitioner's imprisonment, the BOP is not authorized to collect payments. Id. Jones. In this matter L. Getz has stepped outside of her area and scope to interpret what the court did not ask her to do and took arbitrary and capricious actions by putting Mathur on "FRP refuse." Mathur has never refused to pay his fine as ordered by the court, has not been presented with an agreement to voluntarily make $25.00 per quarter. Mathur has to been presented with an averted court order allowing the recommendation. Attached as 10a. A is a copy of the schedule of payment from Mathur's judgment, the court ordered that the fine shall be paid within 30 days of sentencing [if not paid] while incarcerated, the defendant shall satisfy the amount due in monthly installments of no less than $50.00 to commence 30 days after release from confinement. The only amount DUE IMMEDIATELY is $500.00 special assessment which has been paid. The court never set a payment schedule while I was incarcerated to pay anything. The BOP $500.00 recognizes the court's authority to set a schedule, and no part of the policy states staff should force and intimidate inmates into FRP. It requires staff to encourage inmates seek their financial obligations. As remedy, Getz, I am requesting L. Getz refrain from the arbitrary and capricious actions of administrating that I refused FRP, and support outside of her area. Second there is but three orders (1) allow me to pay voluntarily $25.00 per quarter [as an agreement, (2) place me on "NO DUE"] until Mathur is release from incarceration, (3) Mathur can obtain an injunction from the federal court to resolve this matter. Mathur's preference is either option 1 or 2.

See Ward v. Chavez, 678 F.3d 1042 (9th Cir. 2012);
See Weinberger v. United States, 268 F.3d 346 (6th Cir. 2001); Ihnen v. Deboer, 2007 U.S. Dist. 6778 (9th Cir. 2007);
Jones v. Hjelle, 2007 U.S. Dist. LEXIS 83442 (9th Cir. 2007).

__5/9 run 2015__
   DATE   SIGNATURE OF REQUESTER

**Part B – RESPONSE**

See attached

_____   _____
   DATE   WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

__Rec'd 5/14/15__   CASE NUMBER: _____
   DATE

   THIRD COPY: RETURN TO INMATE   CASE NUMBER: _____

**Part C – RECEIPT**

Return to: _____   CASE NUMBER: _____
   LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

_____   _____
   DATE   RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN   BP-229(13)
   APRIL 1982

**EXHIBIT C**

MAINOR, Raymond
Reg. No.: 59883-066
Appeal Number: 949825-F1
Page 1

## Part B - Response

This is in response to your Request for Administrative Remedy received on August 10, 2018, where you allege your Case Manager modified a court order and request to be placed in "NO OBLIGATION" status regarding your court-ordered fine.

According to Program Statement 5380.08, Inmate Financial Responsibility Program (IFRP), inmates are required to make payment toward their court-ordered financial obligations. At the time you were sentenced, the sentencing judge ordered you to pay a $600.00 felony assessment, which has been paid in full, and a fine in the amount of $60,000.00. Per your Judgment and Commitment Order, you were required to make an immediate payment of $60,000.00, within 30 days of sentencing. The sentencing judge further ordered, "In the event that the fine is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of not less than $200.00, to commence 30 days after release from confinement." Your Judgment and Commitment Order does not state you are not required to make commensurate payments toward your financial obligations while incarcerated, thus you are and will be required to make commensurate payments on your outstanding balance.

When reviewing to determine a financial responsibility plan, the Unit Team must determine the total funds deposited into the inmate's trust fund account for the previous six months, subtract the IFRP payments made by the inmate during the previous six months, and subtract $450.00 to allow for the Inmate Telephone System for communication with family and friends. Any remaining funds after this computation may be considered for IFRP payments.

Upon reviewing your case, in the past six months, you have had a total of $3,640.00 deposited into your inmate account. You have made a total of $50.00 in payments toward your court ordered financial obligations. Based on the noted criteria, the amount of funds to be considered for payment toward your obligations is $3,140.00. This would equate to a monthly payment of $523.00. At your most recent program review, in order that you may purchase personal hygiene items within the commissary and save money for release purposes, your Case Manager created a new IFRP contract with a monthly payment of $75.00. This amount is within the scope of Program Statement 5380.08, while allowing you the ability to purchase various items. As you have refused to sign the new IFRP contract, you have been appropriately placed in "IRP REFUSE" status.

MAINOR, Raymond
Reg. No.: 59883-066
Appeal Number: 949825-F1
Page 2

Based on the aforementioned information, your Request for Administrative Remedy is denied.

In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(10) to the Regional Director, Federal Bureau of Prisons, Northeast Regional Office, U.S. Customs House, 2nd and Chestnut Street, Philadelphia, PA 19106.

17 Aug 18
Date

D. K. White
Warden

U.S. Department of Justice

Federal Bureau of Prisons

## Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: MAINOR, RAYMOND — LAST NAME, FIRST, MIDDLE INITIAL | 59883-066 — REG. NO. | LAS-A — UNIT | LSCI ALLENWOOD — INSTITUTION

**Part A - REASON FOR APPEAL** Raymond Mainor seeks review of Case Mgr L. Getz violating a court order/BOP policy regarding payment of fines, the Unit Manager & Warden subornation of and cover-up of L. Getz's misconduct by making false statements in an official proceeding and refusal to address the statutory law and substantive arguments that L. Getz was wrong and the BOP has no authority to set payment schedules, only a sentencing court can set such schedule when it is not contained on the judgment. The false statements made by the Warden, Unit Manager and Getz are (1) that Mainor refused to sign a contract as Getz never created one; (2) BOP policy 5380.08 states inmates are "REQUIRED" to make payments whereas the PS states "requires staff to encourage." No where in there does it authorize threats and intimidation, which is what L. Getz does to inmates. In this matter, the Court did not order payments to made while incarcerated, if the court wanted payments during incarceration, it would have explicitly stated so as it does in other orders. (See Exh A). The BOP is not charged with interpretation of a judgment, it is charged with execution of the order. L. Getz stepped outside of her role and decided to play lawyer and tried to interpret what my judgment states, and now the Warden & Unit Manager are trying to cover-up her mistake, rather than take correction by correcting her mistake and disciplining her. In the response, the response fails to cite to (a) where it is authorized for the BOP to set a payment schedule and mandate by threat and intimidation that inmates are required to pay. No where in PS 5380.08 does it require or mandate that an inmate make payments. The Courts have told the BOP in numerous cases that they have no authority to set a payment schedule yet, L. Getz, the Warden and Unit Manager choose to intentionally violate such explicit instructions. See Corona v. Daniels, 467 F.Supp 2d 1037 (D.Or. 2006); Dixey v. Daniels, 2007 U.S. Dist LEXIS 49778 (9th Cir. 2007); Jones v. Daniels, 2007 U.S. Dist. LEXIS 49442 (9th Cir. 2007). See continuation page

8/[illegible] — DATE | [signature] — SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DATE | REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

**SECOND COPY: RETURN TO INMATE** CASE NUMBER: 949825R1

**Part C - RECEIPT**

CASE NUMBER: ______

Return to: ______ LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: ______

DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN BP-230(13) JUNE 2002

**MAINOR, Raymond**
Reg. No. 59883-066
Appeal No. 949825-R1
Page One

**Part B - Response**

You appeal the response from the Warden at LSCI Allenwood regarding the application of the Inmate Financial Responsibly Program (IFRP) to you. Specifically, you contend you were coerced to enter into the Financial Responsibility Plan (FRP) contract. You claim you are not obligated to pay your court-ordered financial obligations while incarcerated and the Federal Bureau of Prisons (BOP) does not have the authority to establish a payment plan.

Pursuant to Program Statement 5380.08, Financial Responsibility Program, Inmate, the BOP has established procedures to encourage inmates to contribute toward court-ordered financial obligations while incarcerated. As a law enforcement agency, the BOP is required to put forth a diligent effort to collect court-ordered financial obligations. Although participation is voluntary, encouraging payment of court-ordered financial obligations is consistent with promoting responsibility in inmates. Inmates who choose not to participate demonstrate poor responsibility and are held accountable for their inactions. Participation and/or progress in this area is reviewed each time staff assesses an inmate's demonstrated level of responsible behavior.

A review of your appeal reveals the Warden adequately addressed your complaint. Records reflect you were sentenced by the U.S. District Court for the Eastern District of Pennsylvania on April 24, 2008. This sentence includes a $600.00 felony assessment and a $60,000.00 fine. The financial obligations are ordered to be paid immediately, and additional instructions are provided in the event the financial obligations are not paid in full prior to the commencement of supervision. Payment of criminal monetary penalties are due during imprisonment. Records indicate your case was recently reviewed, and you refused to participate in the IFRP. You have provided no evidence to suggest you are being coerced to participate in the IFRP or that these payments are no longer required. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: September 28, 2018

[signature]
J. RAY ORMOND
Regional Director

**Administrative Remedy No. 949825-A1**

**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal wherein you contend the Bureau of Prisons does not have the authority to set the installment payment plan through the Inmate Financial Responsibility Program (IFRP). For relief, you request to be removed from your IFRP-Refuse status.

We have reviewed documentation relevant to your appeal and, based on the information gathered, concur with the manner in which the Warden and Regional Director addressed your concerns at the time of your Request for Administrative Remedy and subsequent appeal. Program Statement 5380.08, Inmate Financial Responsibility Program, establishes the procedure by which an inmate may make efforts toward meeting their criminal monetary penalties and legitimate financial obligations. Payment amounts are based on a formula contained within this Program Statement and considers all funds received from all sources. The courts have upheld the authority of the Bureau of Prisons to collect court-ordered financial obligations through the IFRP and have held that the IFRP procedures are lawful and Constitutional.

When you were sentenced, the Court imposed a $600.00 felony assessment and a $60,000 fine. The balance of $200 owed on your felony assessment has expired and you have a balance of $59,450 on your fine. Your Judgment & Commitment Order indicates, "Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment."

The Bureau of Prisons considers that your criminal monetary penalties are subject to payment via the IFRP. A review of the record reveals you are currently in IFRP-Refuse status. Inmate participation in the IFRP is completely voluntary, but failure or refusal to make satisfactory progress toward meeting financial obligations may result in the limitation of certain privileges reflective of a demonstration of poor responsibility. We find the actions of staff in this matter to be reasonable and consistent with the intent of policy and the direction of the sentencing court.

Accordingly, your appeal is denied.

Date _____

Ian Connors, Administrator
National Inmate Appeals

RECEIVED
NOV 0 6 2018

---



Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments, must be submitted with this appeal.

From: MAINOR, Raymond 59883-066 LYC A LSCI ALLENWOOD
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL** Mr. Mainor seeks review of the Regional Director, Warden, AW, and Unit Manger's refusal to correct abusive conduct of staff L. Getz in regards to my FRP. Her misconduct has impacted my religious practices as I am unable to purchase religious items needed for fasting among other things. The lack fo investigation has denied me relief for which I will seek monetary punitive damages for negligence and violation of my first amendment right. As of June 12, 2018 (last FRP payment) I had an FRP agreement to pay $25.00. As demonstrated by the FRP reports in SENTRY, I have consistently made my quarterly payments from my trust account without an issue. Sometime between June 12 and September 2018 L. Getz took it upon herself to cancel my automatic FRP payments without my permission and consent. As a result of her arbitrary and capricious actions, my Sept quarterly payment did not come out and SFK put me on FRP refuse when I never refused. To hide her misconduct, she has been lying to the Unit Manager, AW, Warden and Regional Director about what she did and they have covered up for her instead of taking corrective action. L. Getz never advised me prior to September that she was stopping my FRP automatic payments, nor did I request it. She has told others I refused, but has provided no documentation that I signed saying I refused. Moreover when I asked her for a copy of the agreement to date with the court and provided copies of the receipt. Instead of L. Getz posting the payments to the quarters going forward, she misplaced the items form commissary for religious practice purposes. I took steps to bring my FRP payments up to date with the court and provided copies of the receipt. Instead of L. Getz posting the payments to the quarters going forward, she misplaced them to keep me in FRP refuse and further abuse her authority as she knows there is no overpayment for her illegally, arbitrary and capricious actions. I am not the only one she has done this to. ___ needs to be made for her frivolous

[date] position and I need to be taken out of FRP Refuse. [SIGNATURE OF REQUESTER]

RECEIVED
OCT 2 2 2018
Administrative Remedy Section
Federal Bureau of Prisons

DATE _____    SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED
NOV 0 6 2018

DATE    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

ORIGINAL: RETURN TO INMATE    CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UNP-UN    BP-231(13)
Previous editions not usable    APRIL 1982

09/18/2018 10:17 AM PDT

**U.S. Courts**
**Case Inquiry Report**
Case Num: DPAE206CR000140; Party Num: 001; Payee Code: N/A
Show Party Details: Y; Show Payee Details: N; Show Transactions: Y

**Transaction Information:**

| Document Type/Number* / Account Number | Debt Type Line# | Document Date | Accomplished Date | Debt Type | Line Type | Payee Line# | Amount | Depository Line# | J/S Account Code | Party/Payee Name | Doc Actn | Trans Type | Fund |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CK 2276 DPAE206CR000140-001 | 2 | 04/09/2009 | 04/30/2009 | PR SPECIAL PENALTY ASSESSMENT | | | 150.00 | | | RAYMOND MAINOR | O | 99 | 504100 |
| CT PPE001004 DPAE206CR000140-001 | 2 | 05/19/2009 | 05/19/2009 | PR SPECIAL PENALTY ASSESSMENT | | | 25.00 | | | RAYMOND MAINOR | O | 04 | 504100 |
| CT PPE003522 DPAE206CR000140-001 | 2 | 06/23/2009 | 06/23/2009 | PR SPECIAL PENALTY ASSESSMENT | | | 25.00 | | | RAYMOND MAINOR | O | 04 | 504100 |
| CT B061109DPAE206CR00014000122 DPAE206CR000140-001 | 2 | 06/11/2009 | 07/01/2009 | PR SPECIAL PENALTY ASSESSMENT | | | 25.00 | | | RAYMOND MAINOR | O | OP3 | 504100 |
| CT B080109DPAE206CR00014000164 DPAE206CR000140-001 | 2 | 08/01/2009 | 08/01/2009 | PR SPECIAL PENALTY ASSESSMENT | | | 25.00 | | | RAYMOND MAINOR | O | OP3 | 504100 |
| CT B090109DPAE206CR00014000163 DPAE206CR000140-001 | 2 | 09/01/2009 | 09/01/2009 | PR SPECIAL PENALTY ASSESSMENT | | | 25.00 | | | RAYMOND MAINOR | O | OP3 | 504100 |
| CT B100109DPAE206CR00014000123 DPAE206CR000140-001 | 2 | 10/01/2009 | 10/01/2009 | PR SPECIAL PENALTY ASSESSMENT | | | 25.00 | | | RAYMOND MAINOR | O | OP3 | 504100 |
| CT B110109DPAE206CR00014000166 DPAE206CR000140-001 | 2 | 11/01/2009 | 11/01/2009 | PR SPECIAL PENALTY ASSESSMENT | | | 25.00 | | | RAYMOND MAINOR | O | OP3 | 504100 |
| CT B120109DPAE206CR00014000162 DPAE206CR000140-001 | 2 | 12/01/2009 | 12/01/2009 | PR SPECIAL PENALTY ASSESSMENT | | | 25.00 | | | RAYMOND MAINOR | O | OP3 | 504100 |
| CT B120109DPAE206CR00014000123 DPAE206CR000140-001 | 2 | 12/01/2009 | 01/01/2010 | PR SPECIAL PENALTY ASSESSMENT | | | 25.00 | | | RAYMOND MAINOR | O | OP3 | 504100 |
| CT B020110DPAE206CR00014000163 DPAE206CR000140-001 | 2 | 02/01/2010 | 02/01/2010 | PR SPECIAL PENALTY ASSESSMENT | | | 25.00 | | | RAYMOND MAINOR | O | OP3 | 504100 |
| CT B070114DPAE206CR00014000166 DPAE206CR000140-001 | 1 | 07/01/2014 | 07/01/2014 | PR FINE-CRIME VICTIMS FUND | | | 25.00 | | | RAYMOND MAINOR | O | OP3 | 504100 |
| CT B100114DPAE206CR00014000167 DPAE206CR000140-001 | 1 | 10/01/2014 | 10/01/2014 | PR FINE-CRIME VICTIMS FUND | | | 25.00 | | | RAYMOND MAINOR | O | OP3 | 504100 |
| CT B010115DPAE206CR00014000164 DPAE206CR000140-001 | 1 | 01/01/2015 | 01/01/2015 | PR FINE-CRIME VICTIMS FUND | | | 25.00 | | | RAYMOND MAINOR | O | OP3 | 504100 |
| CT B040115DPAE206CR00014000167 DPAE206CR000140-001 | 1 | 04/01/2015 | 04/01/2015 | PR FINE-CRIME VICTIMS FUND | | | 25.00 | | | RAYMOND MAINOR | O | OP3 | 504100 |
| CT B070115DPAE206CR00014000165 DPAE206CR000140-001 | 1 | 07/01/2015 | 07/01/2015 | PR FINE-CRIME VICTIMS FUND | | | 25.00 | | | RAYMOND MAINOR | O | OP3 | 504100 |

EXHIBIT D

09/18/2018 10:17 AM PDT                                                                                   Version 7.1   Page 4   of   5

**U.S. Courts**
**Case Inquiry Report**
Case Num: DPAE206CR000140; Party Num: 001; Payee Code: N/A
Show Party Details: Y; Show Payee Details: N; Show Transactions: Y

Transaction Information:

| Document Type/Number* Account Number | Debt Type Line# | Document Date Debt Type | Accomplished Date | Line Type | Payer Line# | Amount | Party/Payee Name Depository Line# | J/S Account Code | Doc Actn | Trans Type | Fund |
|---|---|---|---|---|---|---|---|---|---|---|---|
| CT B100115DPAE206CR0001400164 DPAE206CR000140-001  1 | | 10/01/2015  10/01/2015 FINE-CRIME VICTIMS FUND | | PR | | 25.00 | RAYMOND MANOR | | O | OP3 | 504100 |
| CT B100116DPAE206CR0001400163 DPAE206CR000140-001  1 | | 01/01/2016  01/01/2016 FINE-CRIME VICTIMS FUND | | PR | | 25.00 | RAYMOND MANOR | | O | OP3 | 504100 |
| CT B070116DPAE206CR0001400164 DPAE206CR000140-001  1 | | 07/01/2016  07/01/2016 FINE-CRIME VICTIMS FUND | | PR | | 25.00 | RAYMOND MANOR | | O | OP3 | 504100 |
| CT B100116DPAE206CR0001400160 DPAE206CR000140-001  1 | | 10/01/2016  10/01/2016 FINE-CRIME VICTIMS FUND | | PR | | 25.00 | RAYMOND MANOR | | O | OP3 | 504100 |
| CT B010117DPAE206CR0001400156 DPAE206CR000140-001  1 | | 01/01/2017  01/01/2017 FINE-CRIME VICTIMS FUND | | PR | | 25.00 | RAYMOND MANOR | | O | OP3 | 504100 |
| CT B040117DPAE206CR0001400160 DPAE206CR000140-001  1 | | 04/01/2017  04/01/2017 FINE-CRIME VICTIMS FUND | | PR | | 25.00 | RAYMOND MANOR | | O | OP3 | 504100 |
| CT B070117DPAE206CR0001400159 DPAE206CR000140-001  1 | | 07/01/2017  07/01/2017 FINE-CRIME VICTIMS FUND | | PR | | 25.00 | RAYMOND MANOR | | O | OP3 | 504100 |
| CT B100117DPAE206CR0001400154 DPAE206CR000140-001  1 | | 10/01/2017  10/01/2017 FINE-CRIME VICTIMS FUND | | PR | | 25.00 | RAYMOND MANOR | | O | OP3 | 504100 |
| CT B010118DPAE206CR0001400154 DPAE206CR000140-001  1 | | 01/01/2018  01/01/2018 FINE-CRIME VICTIMS FUND | | PR | | 25.00 | RAYMOND MANOR | | O | OP3 | 504100 |
| CT B040118DPAE206CR0001400156 DPAE206CR000140-001  1 | | 04/01/2018  04/01/2018 FINE-CRIME VICTIMS FUND | | PR | | 25.00 | RAYMOND MANOR | | O | OP3 | 504100 |
| CT B070118DPAE206CR0001400152 DPAE206CR000140-001  1 | | 07/01/2018  07/02/2018 FINE-CRIME VICTIMS FUND | | PR | | 25.00 | RAYMOND MANOR | | O | OP3 | 504100 |
| CT PPE183280 DPAE206CR000140-001  1 | | 08/17/2018  08/17/2018 FINE-CRIME VICTIMS FUND | | PR | | 25.00 | RAYMOND MANOR | | O | 04 | 504100 |
| CT PPE184655 DPAE206CR000140-001  1 | | 09/13/2018  09/13/2018 FINE-CRIME VICTIMS FUND | | PR | | 100.00 | RAYMOND MANOR | | O | 04 | 504100 |
| CT PPE184704 DPAE206CR000140-001  1 | | 09/14/2018  09/14/2018 FINE-CRIME VICTIMS FUND | | PR | | 25.00 | RAYMOND MANOR | | O | 04 | 504100 |

* Document Type Legend
    Document Type                 Document Type Name



Raymond MAINOR 59883 066
Federal Correction Complex Allenwood Low
P.O. Box 1000
White Deer Pa 17887

RECEIVED
SCRANTON

NOV 27 2018

PER _____ DEPUTY CLERK

<>59883-066<>
Cleck Of Court
235 N Washington AVE
Scranton, PA 18503
United States